**Koval v Access Indus., Inc.**

2025 NY Slip Op 30186(U)

January 8, 2025

Supreme Court, New York County

Docket Number: Index No. 158794/2023

Judge: Dakota D. Ramseur

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**    <u>HON. DAKOTA D. RAMSEUR</u><br>*Justice* | **PART**     **34M** |

--------------------------------------------------------------------------------X

GALINA KOVAL,

Plaintiff,

- v -

ACCESS INDUSTRIES, INC.,OC RESORT HOLDINGS
LIMITED, FOUR SEASONS HOTEL, LIMITED D/B/A FOUR
SEASONS HOTELS AND RESORTS,

Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 158794/2023 |
| **MOTION DATE** | 12/28/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25

were read on this motion to/for      <u>DISMISS</u> .

On September 6, 2023, plaintiff Galina Koval, commenced the instant personal injury action against defendants Access Industries, Inc. (hereinafter, "Access"), OC Resort Holdings Limited ("OC"), and Four Seasons Hotels and Resorts ("Four Seasons") in New York County. Plaintiff designated venue here based on Access and OC each allegedly having principal places of business in New York, the operating agreement between OC and designates New York City as the venue for any disputes, and there is no other alternative convenient forum for this action. In Mot. Seq. 001, defendants move to dismiss Plaintiff's complaint pursuant to CPLR 327 on grounds of *forum non conveniens*, asserting that, since plaintiff's fall occurred in the Four Seasons' resort in the Bahamas, the case has no substantial nexus to New York. (NYSCEF doc. no. 9 at ¶ 2-7, <u>affirmation in support of motion</u>.) Plaintiff opposes the motion in its entirety. For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff alleges that, on April 11, 2023, she slipped and fell while using the steam room at The Ocean Club, a Four Seasons resort located on Paradise Island in the Bahamas. She alleges that Access negligently constructed and/or renovated the subject steam room using improper materials for the seating benches and floor because they had an inadequate coefficient of friction for use in a steam room, which created a unreasonable risk of injury to her. (NYSCEF doc. no. 1 at ¶ 35, <u>complaint</u>.) According to her complaint, plaintiff is a resident of the Bucks County, Pennsylvania (*id*. at ¶ 1), Access is a New York State domestic corporation with a principal place of business in at 730 Fifth Avenue in New York City (*id*. at ¶5), and OC has a principal place of business at the same address and that it is the "alter ego" of Access (*id*. at ¶¶ 7, 10), and that, together, Access and OC own and operate the resort in which she fell.

158794/2023   KOVAL, GALINA vs. ACCESS INDUSTRIES, INC. ET AL
Motion No. 001

Page 1 of 4

[* 1]

1 of 4

In support of its motion under CPLR 327, defendants contend that the basis of this action—plaintiff's fall—occurred in the Bahamas (NYSCEF doc. no. 9 at ¶ 14), that all the evidence and witnesses associated with the incident, including employees and staff of The Ocean Club and medical personnel who provided emergency services to plaintiff, all reside in the Bahamas (*id.*), and that Bahamian Law would apply to this matter (*id.* at 15). Further, defendants maintain that, while Access has an office in New York and may be considered a proper resident of New York, this alone does not outweigh the considerations above nor preclude the Court from dismissing this action on CPLR 327 grounds. (*Id.* at ¶¶ 16-17.)

By contrast, in opposition, plaintiff attaches Access' Department of State business corporation record, confirming that it has an office at 730 Fifth Ave (NYSCEF doc. no. 15, Access DoS corporate record); the Hotel Management Agreement between Four Seasons and OC, which lists OC's "principal place of business at c/o Access Industry, 730 Fifth Avenue" (NYSCEF doc. no. 16, operating agreement); an excerpt from said agreement that, in the event of a dispute, arbitration should be held in New York City and that parties "submit and consent to the non-exclusive jurisdiction of the state or federal courts located In New York City" (NYSCEF doc. no. 19, forum selection clause); and a SEC filing that identifies Access as owner of 90% of OC and lists an $85 million dollar loan taken out with Morgan Stanley in New York, part of which was used to fund the spa renovations (NYSCEF doc. no. 23, SEC filing; NYSCEF doc. no. 22, spa renovation plans) Further, plaintiff has demonstrated Access and OC share corporate officers and directors, including Alejandro Moreno and Jonah Sonnenborn. (*See* NYSCEF doc. no. 13 at ¶¶ 30-31.) Based on the foregoing, plaintiff contends that the factors used to analyze *forum non conveniens* motions—such as the hardship to defendants, the nexus to the occurrence giving rise to the action, the convenience of alternative forums—weigh in favor of New York as a venue.

## DISCUSSION

Under CPLR 327, when it "finds that it is in the substantial justice the action should be hearing in another forum, the court…may stay or dismiss the action in whole or in part." (CPLR 327.) The rule further provides that the domicile or residence of any party to the action "shall not preclude the court from staying or dismissing the action." (*Id.*) In determining whether the moving party is entitled to relief, courts assess, inter alia, (1) the burden on New Yorks of retaining the action, (2) the hardship to the defendants of having to prosecute its case, (3) the unavailability of alternative forums in which plaintiff may bring suit, (4) the locale where the occurrence took place, and (5) the residency, or non-residency, of the parties. (*Islamic Republic of Iran v. Pahlavi*, 62 N.Y.2d 474, 479 [1984]; *Hayes v Anderson & Sheppard Ltd.*, 225 AD3d 471, 472 [1st Dept 2024].) Although no one factor controls, where the action "lacks a substantial nexus with New York" (*id.*) or the "New York connection to the litigation is minimal" (*Brazilai v Israel Museum*, 225 AD3d 534, 535 [1st Dept 2024]), the Court should exercise its discretion and grant dismissal. Nonetheless, since *forum non conveniens* presumes jurisdiction (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 69 [1st Dept 2024]), the defendant bears a heavy burden in establishing that New York is an inappropriate forum. (*Id.*; citing *Elmaliach v Bank of China, LTD*, 110 AD3d 192, 208 [1st Dept 2013] ["Unless the balance is strongly in favor of defendant the plaintiff's choice of forum should rarely be disturbed, even where the plaintiff is not a resident"].) The balancing of these factors remains within the sound discretion

**158794/2023   KOVAL, GALINA vs. ACCESS INDUSTRIES, INC. ET AL**                    **Page 2 of 4**
**Motion No.  001**

2 of 4

[* 2]

of the motion court. (*Employees Retirement Sys. For the City of Providence v Rohner*, 224 AD3d 439, 440 [1st Dept 2024].)

Here, the Court finds that defendants have not established that the interest of substantial justice weighs in favor of dismissal. First, the burden to New York courts is relatively minimal, seeing as they are often called upon to interpret the laws of foreign jurisdictions and defendants have not raised any indication that the relevant personal injury law in the Bahamas is in dispute or particularly abstruse. (*See Wormwood Capital LLC, Mulleady*, 2023 AD3d 500, 500 [1st Dept 2022].) Second, the hardship in requiring defendants to appear in and prosecute this action does not appear to be particularly onerous: again, (1) Access is a New York domestic corporation that, from all appearances, i.e., its ownership interest and overlapping directors and/or managers, exercises some degree of control over OC from its New York offices, and (2) OC and the Four Seasons agreed pursuant to their management contract to accept New York jurisdiction to litigate disputes arising between them.[1] (*J.G. v Goldfinger*, 189 AD3d 579, 579, 134 NYS3d 186 [1st Dept 2020] [finding a corporate defendant's connections with New York, including whether managing officers are New York residents, and New York is its primary place of business weigh against granting defendant's motion for *forum non conveniens*].) Defendants do not address either argument in their reply papers. [2]

Further, while the Court recognizes that the fall occurred in the Bahamas and that potential emergency service personnel reside there, the "substantial nexus" factor does not solely weigh in that direction. As described above, the negligence plaintiff has alleged is not simply that the Four Seasons kept the premises in an unsafe condition but that the steam room was negligently designed and constructed. To this end, per the complaint, not only did Access and OC exercise control over the resort from their principal place of business in New York, but the decisions to buy the resort, enter into a management agreement with the Four Seasons, and ultimately renovate the Spa were all allegedly made in New York, where their corporate management resides. (*See* NYSCEF doc. no. 1 at ¶¶ 14, 15, 63-72, 83-89 [alleging defendants drafted the renovation designs, procured/supplied the material to construct the steam room, and contracted for services all from New York].) Moreover, by failing to attach an affidavit from someone with personal knowledge of their operations, defendants did not provide any basis to challenge the truth of these allegations on this motion. [3] Thus, they have not demonstrated that New York lacks the substantial nexus to this action. (*Cf. Hayes v Anderson & Sheppard Ltd.*, 225 AD3d 471, 472 [1st Dept 2024] [finding no substantial nexus and dismissal appropriate where the defendant corporate entity, their documents, and the witnesses were all located in foreign country and the matter involved the application foreign law].)

Lastly, as to available alternative forums, Pennsylvania courts would not have personal jurisdiction—whether general or specific—over Access, OC, or the Four Seasons. Nor is the

---

[1] The Court need not decide whether the management contract's forum selection clause requires venue be placed in New York County. However, it is instructive as to the parties' view of New York as a forum and the ease with which it would be to litigate their disputes.

[2] The Court notes that defendants have not disputed the overlap in corporate officers between Access and OC and that most are New York-based. This recognition reduces the persuasiveness of plaintiff's assertion that discovery would be substantially easier if this matter were brought in the Bahamas.

[3] Defendants argue that "plaintiff is well aware that the steam room and Spa are separate facilities" but provide no evidence for such assertion. (*See* NYSCEF doc. no. 25, reply papers.)

**158794/2023  KOVAL, GALINA vs. ACCESS INDUSTRIES, INC. ET AL**
**Motion No.  001**

**Page 3 of 4**

Bahamas clearly any more convenient than New York. As to witness, plaintiff's witness—her daughter—is a resident of the New York; Access and OC's directors are predominately New York-based; and the Four Seasons has consented to New York jurisdiction arising out of its management of the hotel. On the other hand, the Bahamas does not permit jury trials in civil cases. (*See Wormwood Capital*, 203 AD3d at 500 [noting that a country's laws against civil jury trials "could pose some hardships to plaintiffs"]; *see Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 72 [1st Dept 2024] [approving of motion court's consideration of the lack of access to jury civil trials in context of *forum non conveniens*].) Under these circumstances, defendants have not maintained the heavy burden of demonstrating that New York is an inappropriate forum for this matter.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that defendants' motion to dismiss on *forum non conveniens* grounds pursuant to CPLR 327 is denied; and it further

ORDERED that defendants shall interpose an answer or otherwise appear per the CPLR within twenty (20) days of notice of entry; and it is further

ORDERED that counsel for plaintiff shall serve a copy of this order, along with notice of entry, on all parties within ten (10) days; and it is further

ORDERED that parties shall appear at 60 Centre Street, Part 34, at 9:30 a.m. on February 25, 2025, for a preliminary conference with the Court.

This constitutes the Decision and Order of the Court.

20250116172418DRAMSEURC7247C05A1D044A5BD1E91332DF19600

| 1/8/2025 | | DAKOTA D. RAMSEUR, J.S.C. |
|----------|---|---------------------------|
| DATE | | |

CHECK ONE:    ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

☐ GRANTED    ☒ DENIED    ☐ GRANTED IN PART    ☐ OTHER

APPLICATION:    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

**158794/2023 KOVAL, GALINA vs. ACCESS INDUSTRIES, INC. ET AL**
**Motion No. 001**

**Page 4 of 4**

4 of 4